**O**

# United States District Court
# Central District of California

| | |
|---|---|
| DECKERS OUTDOOR CORPORATION,<br>Plaintiff,<br>v.<br>REED SPORTSWEAR MANUFACTURING CO., and DOES 1–10, inclusive,<br>Defendants. | Case No. 2:15-cv-00749-ODW(Ex)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS [18]** |

## I. INTRODUCTION

Plaintiff Deckers Outdoor Corporation ("Deckers") brought suit against Defendant Reed Sportswear Manufacturing Co. ("Reed") for patent infringement, trade dress infringement, and unfair competition. Deckers alleges that Reed has manufactured and distributed footwear products that copy Deckers's protected designs in an effort to exploit Deckers's reputation in the market. Reed now moves to dismiss the matter for lack of personal jurisdiction or, in the alternative, to transfer venue to the Eastern District of Michigan. For the reasons discussed below, the Court **DENIES** Reed's Motion to Dismiss.[1] (ECF No. 18.)

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Deckers is a Delaware corporation with an office and principal place of business in Goleta, California, that has designed, manufactured, marketed, and sold footwear products since 1975. (Compl. ¶ 8.) Throughout its history, Deckers has developed its brand and expanded its market worldwide, and is widely known for its UGG® brand of comfort footwear. (*Id.* ¶¶ 8–9.) Founded in 1978, the UGG® brand was featured on Oprah's Favorite Things® in 2000, leading to an explosion in the UGG® brand's popularity amongst celebrities and the rest of the public. (*Id.* ¶¶ 9–10.) Deckers places a high emphasis on the quality of its UGG® brand products in order to fulfill its presentation of it being a luxury brand. (*Id.* ¶ 10; Opp'n 2.) In 2009, Deckers introduced the UGG® Bailey Button boot, containing several distinct elements that comprise the Bailey Button Boot Trade Dress, and received a design patent (U.S. Patent No. D616,189 issued on May 25, 2010 ["the '189 Patent"]) for its Bailey Button Triplet boot in 2010. (Compl. ¶¶ 21, 33.)

Reed is a Michigan corporation that manufactures, designs, markets, and sells leather goods and footwear via its website and a storefront page on Amazon.com. (Compl. ¶¶ 12–13; Opp'n 2.) In September, 2014, Deckers visited Reed's website and, through Reed's Amazon.com portal, purchased one pair of Reed Sportswear's Boot ("Infringing Product") and had the product shipped to Carpinteria, California. (Compl. ¶ 15; Opp'n, Attach. 1, Declaration of Jessica Covington ["Covington Decl."], Ex. 6.) Deckers alleges that the Infringing Product manufactured and sold by Reed copies the '189 Patent and the Bailey Button Boot Trade Dress in order to exploit the reputation of Deckers's UGG® brand products. (Compl. ¶¶ 16, 35.)

Deckers filed this suit on February 2, 2015, seeking a finding Reed willfully infringed upon the '189 Patent and the Bailey Button Boot Trade Dress, an injunction prohibiting Reed from future use of Deckers's intellectual property, and damages for Deckers's lost profits and Reed's monetary gain from its wrongful acts. (Compl. 11–13.) Reed now moves to dismiss Deckers's claims for lack of personal jurisdiction.

(ECF No. 18.) Alternatively, Reed requests that the Court transfer venue to the Eastern District of Michigan. (*Id.* 11–12.) A timely opposition and reply were filed. (ECF Nos. 23, 24.) Reed's Motion to Dismiss is now before the Court for consideration.

## III. DISCUSSION

### A. Choice of Law and Legal Standard

When the inquiry into personal jurisdiction is "intimately involved with substance of the patent laws," Federal Circuit law is applied. *Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995). This patent infringement is brought against, a non-resident, and therefore the Court must apply Federal Circuit law to that claim in determining whether this Court has personal jurisdiction over Reed. *See Beverly Hills Fan Co. v. Royal Sovereign Corp.*, 21 F.3d 1558, 1564 (Fed. Cir. 1994) (holding that Federal Circuit law controls in the personal jurisdiction inquiry of an out-of-state infringer). However, Deckers's claims for trade dress infringement and unfair competition are not "intimately involved" with patent law. Thus, Ninth Circuit law, rather than Federal Circuit law, governs these claims. *Elec. for Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1348 (Fed. Cir. 2003).

Both Federal Circuit and Ninth Circuit law agree that when a district court's decision on a personal jurisdiction question is based on submitted evidence in the absence of an evidentiary hearing, the plaintiff need only make a *prima facie* showing that the defendant is subject to personal jurisdiction. *Deprenyl Animal Health, Inc. v. Univ. of Toronto Innovations Found.*, 297 F.3d 1343, 1347 (Fed. Cir. 2002); *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). Additionally, both Circuits hold that a district court must accept as true any uncontroverted allegations in the plaintiff's complaint and resolve any factual disputes in the affidavits in favor of the plaintiff. *Deprenyl*, 297 F.3d at 1347; *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

/ / /

**B.	Specific Jurisdiction Analysis of Patent Infringement Claim**

Though Deckers briefly argues general jurisdiction and asks for leave to conduct discovery, the Court finds the matter resolved through its specific jurisdiction analysis, making leave to conduct discovery unnecessary, and refrains from discussing the merits of the parties' general jurisdiction arguments.

The analysis into whether specific jurisdiction over a nonresident defendant is proper involves two inquiries: "whether a forum state's long arm statue permits service of process, and whether the assertion of jurisdiction would be inconsistent with due process." *Elec. for Imaging*, 340 F.3d at 1349. California's long-arm statute is coextensive with federal due process requirements and permits service of process to the limits of the federal Constitution. *See* Cal. Civ. Proc. Code § 410.10; *Data Disc*, 557 F.2d at 1286. Thus, the first inquiry is resolved and only the second remains; would the assertion of jurisdiction comport with due process.

To determine whether jurisdiction over an nonresident defendant comports with due process, the Federal Circuit examines whether "(1) the defendant 'purposefully directed' its activities at residents of the forum state; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001) (quoting *Akro*, 45 F.3d at 1545). The plaintiff bears the burden to establish the first two factors, but, after they have done so, the defendant must show that the exercise of jurisdiction would be unreasonable. *Id.*

*1. Purposefully Directed*

In this case, Deckers alleges that Reed purposefully engaged in selling the Infringing Product via Amazon.com, and purposefully and knowingly shipped the Infringing Product to California. (Opp'n 10–11.) Deckers cause of action for patent infringement arises out of this activity. In the Federal Circuit's own words, "[n]o more is usually required to establish specific jurisdiction." *Beverly Hills Fan*, 21 F.3d at 1565. While the Federal Circuit often utilizes the stream of commerce theory in

determining whether specific jurisdiction exists over a defendant, those cases involve distribution of the products through third parties. In this case, however, Reed itself was shipped the Infringing Product to California. There is no need for the Court to look for further contacts with California as Deckers's claim is premised entirely upon Reed's purposeful shipment of the Infringing Product to California. *See Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1359 (Fed. Cir. 1998) ("[E]ven a single contact with a forum state may suffice for personal jurisdiction if it is directly and substantially related to the plaintiff's claim.").

*2. Arises Out Of or Relates To*

Similar to the reasoning above, Deckers's claim for patent infringement arises directly from Reed's distribution of the Infringing Product to California. *See Beverly Hills Fan*, 21 F.3d at 1565 (holding specific jurisdiction was proper when defendant shipped infringing products to forum state because "[t]he cause of action for patent infringement is alleged to arise out of these activities."). Thus, the Court concludes that Deckers has met its *prima facie* burden of establishing Reed's minimum contacts.

*3. Reasonable and Fair*

The reasonableness inquiry looks at factors including (1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Inamed*, 249 F.3d at 1363 (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)).

The Court is not convinced that it would be unreasonable to exercise jurisdiction over Reed. First, though Reed argues that it is a small, Detroit-based business, (Reply 8), the Federal Circuit has held that travelling alone is usually insufficient to outweigh the forum state's and the plaintiff's interests. *See Beverly Hills Fan*, 21 F.3d at 1569 (holding that the exercise of jurisdiction by a district court in Virginia over a defendant located in China was reasonable). Second, California has

a great interest in redressing injuries that occur within the state. *See Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776 (1984) (". . . it is beyond dispute that New Hampshire has a significant interest in redressing injuries that actually occur within the State."). Third, Deckers unquestionably has a strong interest in protecting itself and it's intellectual property from infringement. Lastly, the exercise of jurisdiction is not at odds with either the interstate judicial system's interests or those of the states involved because the Federal Circuit's jurisdiction over patent law governs the claim regardless of in which forum it is brought. *Elec. for Imaging*, 340 F.3d at 1351.

In light of the above, Reed has failed to present a "compelling case" showing that the exercise of jurisdiction in this case would be unreasonable. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985).

**C. Supplemental Jurisdiction Over Remaining Claims**

Having found that the exercise of personal jurisdiction over Reed for the claim of patent infringement is proper, the Court now looks to see if supplemental jurisdiction exists with regard to Deckers's remaining claims. The supplemental jurisdiction statute (28 U.S.C. § 1367(a)), provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." In determining whether claims arise from the same cast or controversy, the Supreme Court has held that the claims must arise out of "a common nucleus of operative fact." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

Each of Deckers's claims against Reed arise from the same facts as the patent infringement claim discussed above, Reed's creation and distribution of the Infringing Product. These remaining claims, therefore, are indeed so related to the patent infringement claim that they form part of the same case as required by 28 U.S.C. § 1367(a); each claim will be established using the same evidence and each claim arose

from the same acts. As a result the exercise of supplemental jurisdiction over Deckers's remaining claims is proper. *See Elec. For Imaging*, 340 F.3d at 1348 n. 1; *Silent Drive, Inc., v. Strong Indus., Inc.*, 326 F.3d 1194, 1206 (Fed. Cir. 2003); *3D Sys., Inc. v. Aarotech Labs., Inc.*, 160 F.3d 1373, 1377–78 (Fed. Cir. 1998); *Inamed*, 249 F.3d at 1362–63; 13 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3523.1 (2002).

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Reed's Motion to Dismiss and Motion to Transfer. (ECF No. 18.)

**IT IS SO ORDERED.**

September 3, 2015

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**